■ In the Matter of CARL D. ROSEL, Appellant, v THOMAS F. HART, as Ulster County Commissioner of Public Works, et al., Respondents. [630 NYS2d 127] —Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 25, 1994 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to reopen a pedestrian walkway.

The Mount Pleasant Bridge over the Esopus Creek in the Town of Shandaken, Ulster County, was closed to vehicular traffic in 1986 by respondent Ulster County Commissioner of

Public Works (hereinafter the Commissioner) as the result of an inspection performed by the State Department of Transportation (hereinafter DOT) (*see,* Highway Law § 234). The bridge remained opened to pedestrian traffic until March 1990, when DOT advised the Commissioner that the bridge was unsafe for both vehicle and pedestrian use and must be closed to all traffic. The Commissioner closed the bridge to pedestrian traffic on March 30, 1990 and notices of the closure were published in a local newspaper the following week.

Petitioner commenced this proceeding to reopen the bridge to pedestrian traffic in December 1993. Supreme Court dismissed the proceeding on the ground that petitioner failed to exhaust his administrative remedies. Petitioner appeals from the judgment of dismissal.

Respondents concede that there were no available administrative remedies for petitioner to pursue upon closure of the bridge to pedestrian traffic. Respondents contend, however, that Supreme Court's order of dismissal should nevertheless be affirmed because the proceeding was not timely commenced, which was a ground for dismissal raised at Supreme Court.

Although petitioner claims to be pursuing a negligence cause of action, it is clear that petitioner seeks to challenge the determination of respondents to close the bridge to pedestrian traffic, which is reviewable in a CPLR article 78 proceeding (*see,* CPLR 7803 [3]). The proceeding had to be commenced, therefore, within four months after the bridge closure determination became final and binding (*see,* CPLR 217 [1]). We are of the view that the determination became final and binding no later than April 1990 when the notices of closure were published in the local newspaper. Accordingly, this proceeding, commenced in December 1993, is untimely.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.